**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTA GAVRILOVA, a.k.a. Marta Istrin, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-71360 <br><br> Agency No. A071-586-409 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

Marta Gavrilova, a native of Ukraine and a citizen of the Russian Federation, petitions for review of the Board of Immigration Appeals' order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Gavrilova's motion to reopen as untimely and number-barred where the successive motion was filed more than 13 years after her removal order became final, *see* 8 C.F.R. § 1003.2(c)(2), and Gavrilova failed to establish that any exception to the filing deadline applied, *see* 8 C.F.R. § 1003.2(c)(3), or to demonstrate the due diligence required for equitable tolling of the deadline, *see Avagyan,* 646 F.3d at 679.

Gavrilova's contentions that the BIA failed to consider the facts of her case and provide a reasoned explanation for its denial are belied by the record.

We lack jurisdiction to consider Gavrilova's contention regarding equitable estoppel because she failed to exhaust this contention before the BIA. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010).

We lack jurisdiction to review the BIA's discretionary decision not to reopen removal proceedings sua sponte. *See Mejia-Hernandez v. Holder,* 633 F.3d 818, 823-24 (9th Cir. 2011).

In light of this disposition, we do not reach Gavrilova's remaining contention.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**